IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTER DIVISION

_____

| | | |
|---|---|---|
| T.C. GRANT | * | |
| Petitioner, | * | |
| v. | * | 3:04-CV-188-WKW |
| | | (WO) |
| DONAL CAMPBELL, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

T. C. Grant ["Grant"] , by and through counsel, filed this 28 U.S.C. § 2254 petition for habeas corpus relief on March 2, 2004. Grant is serving a term of twenty years imprisonment, as a habitual offender, after being convicted on August 8, 2000 by a jury in the Circuit Court for Russell County, Alabama, of first degree sexual abuse. Grant filed a motion for new trial on October 12, 2000. The trial court denied the motion on November 13, 2000. The Alabama Court of Criminal Appeals affirmed Grant's conviction and sentence on August 24, 2001 and overruled his application for rehearing on September 14, 2001. The Alabama Supreme Court denied certiorari review on December 21, 2001.

Grant filed a Rule 32 petition on July 15, 2002.[1] He challenged his conviction on the grounds that he received ineffective assistance of trial and appellate counsel and that the trial court lacked jurisdiction where it failed to allow him to make a statement prior to imposing sentence. The trial court dismissed Grant's Rule 32 petition as successive on September 6, 2002. Grant appealed the denial of his post-conviction petition which the Alabama Court of Criminal Appeals affirmed on February 21, 2003.

The appellate court denied Grant's application for rehearing, *see Grant v. State*, 876 So.2d 1196 (Ala.Crim.App. 2003) (Table), and the Alabama Supreme Court denied his petition for writ of certiorari on June 13, 2003. *See In re Grant*, 883 So.2d 277 (Ala. 2003) (Table).

In his petition filed March 2, 2004 Grant presents the following claims for relief:

1. The trial court erred when it allowed the victim's out-of-court hearsay statement into evidence;

---

[1] A review of the records regarding Grant's state court proceedings shows that his July 15, 2002 post-conviction petition was actually his second such filing. Specifically, Grant filed his first Rule 32 petition on April 15, 2002 which was denied by the trial court on April 25, 2002. (*See* Doc. No. 7, Exh. G pgs. 14-30, Exh. G pgs. 24-30.) Grant's appeal of the trial court's order was dismissed by the Alabama Court of Criminal Appeals on July 18, 2002. (*Id*. at pg. 29.) After carefully reviewing Grant's April 15, 2002 Rule 32 petition, the court finds that none of the claims presented for review in that proceeding have been presented in the instant federal habeas application. The undersigned, therefore, concludes that no additional response from Respondents is necessary as the claims presented in Grant's original Rule 32 petition have no bearing on the issues presently pending before this court. If Grant's July 15, 2002 Rule 32 petition had, in fact, been his first post-conviction petition, the instant habeas application would be considered barred by the limitation period found in 28 U.S.C. § 2244(d), a matter not addressed by Respondents in their answer. Because Grant did file a Rule 32 petition on April 15, 2002, the court finds that the instant habeas application is timely filed.

    2.   Grant's out-of-court confession should have been excluded as an involuntary confession;

    3.  The prosecution knowingly failed to turn over exculpatory evidence to Grant;

    4.  The trial court's admission of Grant's prior conviction which was more than ten years old violated state rules of evidence;

    5.  The trial court imposed an excessive sentence;

    6.  The evidence was insufficient to sustain Grant's conviction; and

    7. Grant received ineffective assistance of trial counsel.

(Doc. No. 1.)

## II.  DISCUSSION

*A.*    ***Exhaustion of State Remedies***

Under *Rose v. Lundy*, 455 U.S. 509, 510 (1982), before a petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U. S. 838 (1999); 28 U.S.C. §2254(b) and (c).

In Alabama, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. Exhaustion is not required if, at the time a federal

habeas corpus petition is filed, petitioner has no available state remedy. *Teague v. Lane*, 489 U. S. 288, 297-98 (1989). Here, Grant has exhausted his state court remedies for the purposes of federal habeas review.

### B.     *Disposition of Claims*

In their answer, respondents contend that Grant's claims regarding trial counsel's performance, the State's failure to turn over exculpatory evidence, and his out-of-court confession are procedurally defaulted because they were not raised in accordance with the state's procedural rules. Respondents maintain that Grant's claims regarding trial court error in allowing into evidence a hearsay statement, the trial court's violation of state rules of evidence by allowing admission of a prior conviction more than ten years old, the trial court's imposition of an excessive sentence, and the sufficiency of the evidence were properly adjudicated on the merits by the state courts. *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

Grant responded to the respondents' answer. After reviewing the § 2254 petition, the answers of Respondents, and Grant's response (*see* Doc. Nos. 1, 7, 10, and 14), the court concludes that no evidentiary hearing is required and that the petition is due to be denied pursuant to the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## C.     *Standard of Review*

To prevail on his § 2254 claims, Grant must show that a decision by the Alabama state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2);[2] *see Williams*, 529 U.S. at 412-13. A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Id*. at 405-06.

A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407.

---

[2] 28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1)     resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2)     resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

5

"Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (*citing Williams*, 529 U.S. at 409).

It is the objective reasonableness, not the correctness *per se*, of the state court decision that this court must decide. *See Williams*, 529 U.S. at 411. A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong." *Lindh v. Murphy*, 96 F.3d 856, 876-77 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997). Further, a state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "However, the statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact." *Parker*, 244 F.3d at 835 (*citing McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994)).

### D.   *The Confrontation Clause Claim*

Grant argues that the trial court's admission of a law enforcement officer's testimony as to an out-of-court statement made by the victim to an interviewer with the Child Advocacy Center (Elizabeth Mellow), who was also a reserve deputy sheriff, violated his confrontation clause rights. Grant also maintains that trial counsel did not have adequate notice and a fair

opportunity to respond to the victim's out-of-court statement in violation of Ala. Code §15-25-35 (1975), and that the statements should have been disallowed as lacking "particularized guarantee of trustworthiness" in violation of Ala. Code § 15-25-37 (1975).

Whether the state courts correctly found that the admission into evidence of the victim's our-of-court statements did not violate Alabama's hearsay rule is an issue of state law.  A state court's interpretation of its own laws and rules are not grounds for relief in a federal habeas proceeding.  *Pulley v. Harris*, 465 U.S. 37, 41 (1984);  *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988).  A federal court has no authority to re-examine state court determinations on questions of state law.  *Estelle v. McGuire*, 502 U.S. 62 (1991).

The only question for this court is whether the admission of those statements denied Grant his Sixth Amendment right to confront the witnesses against him. The Alabama Court of Criminal Appeals held:

> . . . Grant contends that the trial court erred in the admission of an out-of-court statement of the victim, T. W., into evidence. During the State's case-in-chief, testimony was elicited from Sergeant Raymond Wells, over a hearsay objection, as to the statements he heard T. W. make to Elizabeth Mellow,[1] a licensed counselor at the Child Advocacy Center ("Center") in Opelika.[2] Sergeant Wells testified that during the interview session at the Center, T.W. disclosed to Mellow that on a particular occasion when she was in the shower, Grant came in, took off his clothes and joined her in the shower. T.W. further stated that she felt his "privates" between her buttocks and felt something sticky.  She also alleged that Grant's hands were in her "privates."  Defense counsel objected to the statements as hearsay; the State alleged that the statements were permissible. The trial court overruled the objection, stating "I think under the

> law of Alabama that this particular form of hearsay is admissible."
>
> FN1.   According to the State's brief, Mellow had moved to Massachusetts prior to trial and thus, was unavailable to testify.
>
> FN2.  The Child Advocacy Center provides an alternative environment to the police station interrogation for young children who might feel threatened in a more austere or hostile setting.  Female interviewers are typically utilized to elicit factual information from child victims, while law enforcement personnel watch and listen from behind a two-way mirror.

Rule 801, Ala.R.Evid., defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted."  Grant contends that Sergeant Wells' testimony as to these statements were [sic] offered for no other purpose than to prove the truth of the matter asserted, *i.e.*, that Grant had gotten into the shower with his daughter and touched her.  He ignores, however, the primary exception under which such statements are admissible as credible evidence under Alabama law:[footnote 3 omitted]

> "An out-of-court statement made by a child under 12 years of age at the time of the proceeding concerning an act that is a material element of any crime involving a child physical offense, sexual offense, and exploitation, as defined in Section 15-25-39, which statement is otherwise not admissible in evidence, is admissible in evidence in criminal proceedings, if the requirements of Section 15-25-32 are met."

§ 15-25-31, Ala. Code 1975.

Section 15-25-39, Ala. Code 1975, defines child physical offense, sexual offense, and exploitation, "to include the following crimes, when one or more of the victims is a child under 12 years of age: . . . (3) Sexual abuse in any degree."  Section 15-25-32, Ala. Code 1975, provides that "an out-of-court statement may be admitted as provided in Section 15-25-31 if: (1) The child testifies at the proceeding, . . . and at the time of such testimony is subject to cross-examination about the out-of-court statements."

> Here, the victim took the stand and testified as to the occurrences she disclosed to Mellow and Sergeant Wells. T.W. was subject to thorough cross-examination by Grant's counsel. T.W.'s in-court statements were consistent with her testimony at trial. Grant's argument is therefore without merit.
>
> Grant also alleges alternatively that the statement should have been disallowed as not trustworthy because, he says, the trial court only addressed 11 of the 13 factors set out in § 15-25-37, Ala. Code 1975. A strict reading of the statute reflects that there is no such requirement imposed for the admissibility of a statement as trustworthy.

(Doc. No. 7, Exh. D at pgs. 1-3.)

The Confrontation Clause is satisfied when the hearsay evidence falls within a firmly rooted exception to the hearsay rule, is supported by facts that otherwise demonstrate the statement's reliability, or when the hearsay declarant testifies at trial and is available for cross-examination. *Mann v. Thalacker,* 246 F.3d 1092, 1100 (8th Cir.), *cert. denied,* 534 U.S. 1018 (2001); *see also United States v. Owens,* 484 U.S. 554, 557 (1988) (noting that the Confrontation Clause "has long been read as securing an adequate opportunity to cross-examine adverse witnesses"). Grant cites *Idaho v. Wright,* 497 U.S. 805 (1990), which sets out the Confrontation Clause test in cases of children's hearsay testimony, in support of his contention that the admission of the alleged hearsay testimony with regard to the victim's out-of-court statement violated his constitutional rights. *Wright,* however, does not apply to this case.

In this case, the child victim testified at trial and was available for cross-examination. The right to cross-examine a witness "at the trial concerning h[er] current and prior testimony satisfie[s] the commands of the Confrontation Clause." *California v. Green*, 399 U.S. 149,

153 (1970); *see also  Story v. Collins,* 920 F.2d 1247 (5th Cir.1991) (where victim in child sexual abuse case testified at trial subject to full cross-examination, confrontation clause not violated by testimony of another witness concerning victim's extrajudicial statements) ; *accord United States v. Spotted War Bonnet,* 933 F.2d 1471 (8th  Cir. 1991) (same), *cert. denied,* 502 U.S. 1101 (1992); *Jones v. Dugger,* 888 F.2d 1340 (11th  Cir. 1989) (same).

Grant has failed to establish, and this court cannot find, that the Alabama Court of Criminal Appeals' decision with regard to the trial court's admission of the victim's out-of-court statements was contrary to, or involved an unreasonable application of, clearly established Supreme Court law.   Accordingly, Grant is not entitled to habeas corpus relief on his confrontation clause  claim.

### E.     *The Prior Conviction Claim*

Grant contends that the trial court violated state rules of evidence when it allowed  a prior rape conviction which was more than ten years old to be admitted as impeachment evidence. The prejudicial effect of this evidence, Grant argues, outweighed its probative value and therefore deprived him of a fair and impartial trial.

Although Grant's  claim was fully litigated in state court and passes the procedural requirements for exhaustion, it does not pass this court's jurisdictional requirement that his claim involve a matter of federal constitutional law. *See Estelle,* 502 U.S. at 67; *Johnson v. Rosemyer,* 117 F.3d 104, 109-10 (3rd Cir. 1997). "Even if the state courts [make] a mistake of state law which prejudices [a petitioner], ... to obtain habeas corpus relief [a petitioner]

must demonstrate that the mistake deprived him of a right which he enjoyed under the Constitution, laws, or treaties of the United States." *Id*. at 110.

Grant alleges that admission of the prior conviction was unfair and prejudicial to his trial, which tenuously implicates the Due Process Clause of the Federal Constitution. Despite this tenuous implication, however, the validity of state court evidentiary rulings are state law questions and " [e]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." *Johnson,* 117 F.3d at 110; *see Wilcox v. Ford,* 813 F.2d 1140, 1145 n. 7 (11th Cir. 1987) ( federal court is not concerned with violations of state law unless the violation raises federal constitutional problems).

Rather, this court is bound by the state court's interpretations of state law. *Estelle,* 502 U.S. at 67-68.  Because a state court's interpretation of its own laws and rules provides no basis for federal habeas corpus relief, *Beverly,* 854 F.2d 412, Grant's argument regarding the trial court's violation of state rules of evidence does not merit federal habeas relief.

### F.     *The Excessive Sentence Claim*

Grant argues that his sentence of twenty years is excessive.   He concedes that his sentence is within the range allowed by state law but alleges that it appears excessive under the facts and circumstances of his case.

As noted, a federal court is not concerned with violations of state law unless the violation raises federal constitutional problems. *Wilcox,* 813 F.2d at 1145 n. 7.  The length of the sentence of a convicted criminal under state law is, without more, not a matter of

11

federal constitutional concern and, thus, not a matter cognizable under federal habeas corpus. *Willeford v. Estelle*, 538 F.2d 1194 (5th Cir. 1976); *see also Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. Unit B June 1981) (a state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved); *Beverly,* 854 F.2d 412 (same). Consequently, Grant's argument that his sentence is excessive does not merit habeas relief because it raises no basis for federal review.

### G.     *The Sufficiency of the Evidence Claim*

Grant argues that the State produced insufficient evidence to sustain his conviction for first degree sexual abuse. He maintains that there was no substantial evidence tending to prove all the elements of the offense charged. Specifically, Grant alleges that the State failed to produce sufficient evidence of "sexual contact" and "sexual gratification." The court understands Grant to argue that the state court's conclusion that the evidence was sufficient to sustain his conviction was incorrect because the Supreme Court has clearly established the legal standard for assessing such claims and the state court's decision was "contrary to, or involved an unreasonable application of" this precedent and constituted "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

The Due Process Clause of the Fourteenth Amendment prohibits a criminal conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime." *In re Winship,* 397 U.S. 358, 364 (1970). Under § 2254, habeas relief on a claim of insufficient evidence is appropriate only "if it is found that upon the record evidence adduced

at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."

*Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *see also Lewis v. Jeffers*, 497 U.S. 764, 781 (1990).

> But this inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." ... [I]nstead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson,* 443 U.S. at 318-319. Sufficiency claims are judged by the elements defined by state law. *Id*. at 324 n.16.

The Alabama Court of Criminal Appeals reviewed the evidence in the record and found no basis on which to reverse the jury's conclusion that there was sufficient evidence of proof of guilt of each of the elements of first degree sexual abuse to find Grant guilty of this offense. The appellate court stated in its opinion:

> Grant next argues that the State failed to establish a prima facie case of sexual abuse in the first degree. Thus, he contends the trial court's denial of his motion for a directed verdict was erroneous. Specifically, Grant argues that actual "sexual contact" was not proven, nor was the element that such contact was intended to gratify the sexual desires of the perpetrator.
>
> Grant was charged with first-degree sexual abuse. To prove a prima facie case of first-degree sexual abuse, the State must show that the accused, ". . . being 16 years old or older, subjects another person to sexual contact who is less than 12 years old." § 13A6-66(3), Ala. Code 1975. "Sexual contact" is defined as a "touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desires of either party." § 13A-6-60(3), Ala. Code 1975. "With regard to the issue of sexual gratification, the intent to gratify the sexual desires of either party may be inferred from

13

> the act itself." Worthy v. State, 724 So.2d 55, 58 (Ala. Crim. App. 1998), citing A.B.T. v. State, 620 So.2d 120 (Ala. Crim. App. 1992).
>
> Here, T.W. testified that she felt Grant's "privates" between her buttocks and then felt something "sticky." She further stated that Grant placed his hands in her "privates." The record indicates that the victim was eight years old at the time of the offense and that the appellant was over the age of 16. It is well settled that "the testimony of the victim alone is sufficient to establish a prima facie case of either rape or sexual abuse." Jones v. State, 580 So.2d 97, 103 (Ala. Crim. App. 1991). "[T]he direct testimony of the victim . . . was sufficient to submit to the jury the question of the defendant's guilt." Hooper v. State, 448 So.2d 501, 502 (Ala. Crim. App. 1984).
>
> Moreover, this Court has held that "inconsistencies and contradictions in the State's evidence, as well as the conflict between the State's evidence and that offered by the appellant, went to the weight of the evidence and created questions of fact to be resolved by the jury." Rowell v. State, 647 So.2d 67, 69-70 (Ala. Crim. App. 1994). The jury, after considering all the evidence presented at trial, reached its determination and found Grant guilty of first-degree sexual abuse. "The appellate court will not substitute its judgment for that of the jury as to the sufficiency of the evidence to sustain a conviction." Brandon v. State, 542 So.2d 1316 (Ala. Crim. App. 1989).

(Doc. No. 7, Exh. D. pgs. 5-6.)

The court finds that the Alabama Court of Criminal Appeals' disposition of Grant's sufficiency claim was neither contrary to nor or an unreasonable application of clearly established federal law. Moreover, the state court properly adjudicated this claim based on a reasonable determination of the facts in light of the evidence presented at trial. *See* 28 U.S.C. § 2254(d)(2). Therefore, Grant is entitled to no relief on this claim.

### H.     *Procedural Default*

Respondents argue that some of Grant's allegations are procedurally defaulted because they were not presented properly in the state courts in accordance with the state's procedural rules. Specifically, Respondents assert that Grant's allegation regarding his out-of-court confession is defaulted because the last state court to review the claim found it procedurally barred because Grant failed to preserve the claim for review in the trial court. *See Harris v. Reed,* 489 U.S. 255, 262 (1989).

With regard to Grant's claim that the State failed to disclose exculpatory evidence, Respondents maintain that this claim is considered procedurally barred because Grant raised it for the first time in a petition for writ of certiorari to the Alabama Supreme Court. *See Coleman v. Thompson*, 501 U.S. 722, 732; (1991); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *O'Sullivan*, 526 U. S. at 844-45; *Lambrix v. Singletary*, 520 U.S. 518, 523 (1997).

Finally, respondents argue that Grant's claims regarding trial counsel's performance are defaulted because they are raised for the first time in the instant petition. *Id*.; *Teague v. Lane*, 489 U.S. 288 (1989).  This court may reach the merits of Grant's procedurally defaulted claims only if he shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman*, 501 U.S. at 750, or  (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims.  *Schlup v. Delo*, 513 U.S. 298, 320 (1995).

A review of the record in this case demonstrates that Grant has failed to establish either cause for his procedural default or the necessary prejudice resulting from such default.

To the extent Grant believes this court may nevertheless review his defaulted ineffective assistance of counsel claims based on the on the holding in *Massaro v. United States*, 538 U.S. 500 (2003), his reliance on *Massaro* is misplaced. In *Massaro*, the Supreme Court held that the "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under *§ 2255*." *Id* at 509 (emphasis added).

A *state* prisoner seeking federal habeas relief under the provisions of 28 U.S.C. § 2254 cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts. *See Wainwright v. Sykes,* 433 U.S. 72, 87 (1977). The procedural default doctrine ensures that federal habeas petitioners first seek relief in accordance with established state procedures. *See Presnell v. Kemp,* 835 F.2d 1567, 1578-79 (11th Cir.1988). Grant's failure to properly bring his claims challenging his trial counsel's performance in state court has "matured into a procedural default." *Smith v. Jones,* 256 F.3d 1135, 1139 (11th Cir.2001).

Where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." *Snowden v. Singletary,* 135 F.3d 732, 736 (11th Cir.1998); *see also Harris,* 489 U.S. at 263 n. 9 ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."). Since Grant failed to exhaust his claims concerning attorney error in state court, and now is barred by firmly established and consistently applied state procedural rules from raising them

16

here for the first time,[3] the claims are procedurally defaulted, and this court's review is precluded by this adequate and independent state procedural ground. *See Singletary*, 135 F.3d at 736.

Even though Grant has failed to establish cause for his default, the court may still reach the merits of his defaulted claims in order to prevent a fundamental miscarriage of justice. The miscarriage of justice standard is directly linked to innocence. *Schlup*, 513 U.S. at 321. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 327 (*citing Murray*, 477 U.S. at 496).

To meet this standard, a petitioner "must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States,* 523 U.S. 614, 623 (1998) (*citing Schlup*, 513 U.S. at 327-328). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623-624 (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

---

[3]If Grant was now to attempt to present in a Rule 32 petition his allegations of trial counsel ineffectiveness which he raises for the first time in the instant proceeding, the new petition would be barred by multiple procedural rules, including the rule against successive petitions and the statute of limitations. *See* Ala.R.Crim.P. 32.2(b) ("If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial ... shall be treated as successive.... The court shall not grant relief on a successive petition on the same or similar grounds on behalf of the same petitioner."); Ala.R.Crim.P. 32.2(c) ("[T]he court shall not entertain any [Rule 32] petition for relief from a conviction or sentence ... unless the petition is filed ... within one (1) year after the issuance of the ... judgment of the Court of Criminal Appeals [disposing of the direct appeal].").

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*. at 324.

Grant presents no evidence nor suggests that any exists which demonstrates the requisite showing of actual innocence. Thus, his procedurally defaulted claims are foreclosed from federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner T.C. Grant be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **1 May 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of April 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE